Ms. Battenfeld Good morning, and may it please the Court. Kerry Battenfeld of Prisoners' Legal Services of New York for Petitioner Jalil D'Audrey Scott Chevers. Mr. Chevers was a lawful permanent resident who had resided in the United States since the age of four until he was convicted of bailjumping in the second degree under New York Penal Law Section 215.56. Mr. Chevers raises two main arguments on appeal as to why his conviction is not an aggravated felony for failure to appear. First, because New York's bailjumping second statute is overbroad as to the before-court element. And second, because bailjumping in the second degree encompasses failures to appear during the pendency of proceedings as well as failures to appear to commence sentencing, the latter of which constitutes an entirely separate aggravated felony offense at subsection Q. Well, so I know that there's a debate about whether actually the bailjumping statute does cover failure to appear before a sentence, but I have the following question. If the question we're asking is whether the state conviction is categorically for an aggravated felony under the INA, and an aggravated felony is failure to appear before a court to answer to a charge or failure to appear before a sentence, wouldn't the state conviction still be categorically an aggravated felony? Why does it have to be a match to one piece of the definition as opposed to the whole definition? Well, in this case, it matters because Mr. Chevers was only charged under subsection T. He was not charged under subsection Q. I understand. I understand. But your second argument is that under subsection T – wait, I'm sorry. Under subsection – right. Under subsection T covers failure to – but you're saying that his state conviction, right, for New York bailjumping in the second degree is overbroad because it could cover failure to appear before a sentence. If, in fact, it does, which I understand is a matter of dispute, it would be covered by 1101A43Q, right? And those are just two parts of the definition of aggravated felony. So it would still be categorically an aggravated felony. Don't you have to show that there's something under the statute – that the state statute criminalizes that's outside the definition of an aggravated felony? Well, if Mr. Chevers were guilty of an aggravated felony for failure to appear to serve a sentence, his conviction for bailjumping in the second degree wouldn't meet the criteria under subsection Q because the maximum sentence for bailjumping second is four years. And subsection Q requires that the sentence be five years or more. And so this is an important distinction because it indicates that Congress – Oh, yeah. But, you know, subsection Q says an offense related to a failure to appear by the defendant for service of sentence if the underlying offense is punishable by imprisonment for a term of five years or more. So it's not the failure to appear that's punishable by five years or more. It's the underlying offense, right? The underlying offense here is grand larceny, and that is punishable by seven years, right? But this Court in Henriquez actually found that the sentence attaches to the failure to appear offense, not the underlying offense. Subsection T, we said, attaches to the failure to appear offense because subsection T doesn't have language that specifies if the underlying offense is punishable by imprisonment for a certain term. But subsection Q does have that language. It would still be the case that at least in Mr. Chevers' circumstances, he was not charged under subsection Q. If that is what – if the government believed that he was guilty of failing to appear to commence a sentence, that's how this case should have been charged on the NTA. But it simply wasn't. So we're only looking at subsection T in his case. With respect to Henriquez, is it your position that Henriquez was wrongly decided or that it's different from this case? Well, both. We believe that Henriquez was wrongly decided, but it's not – But even if it was wrongly decided, there's not much that this panel could do about that, right? I don't know that that's true. I think the circumstances of this case, because we're dealing with – Henriquez dealt with bail jumping in the first degree, which does have some distinct language. It requires a pending indictment, whereas this subsection just requires that there be a charge in connection with a felony. And second, I – So what's the importance of that? So that just means that it's still going to be the answer for a felony, right? What you're focused on is appear before a court, and that language is the same in both, right? The – yes. The – with respect to bail jumping in the first degree, the fact that there needs to be a pending indictment does at least temporarily limit the case to the pendency of proceeding. So you don't – we don't believe that it's an issue of – or there's a risk of being convicted under that statute for failing to appear to commence a sentence. Doesn't a fair reading of second degree imply that it's pending? I mean, it doesn't have the word pending in it, but from the way it is worded, it would seem to me there's got to be a pending charge. That's not required. And looking at other cases like Matter of Natasha C., it specifically – would it – and you've already been sentenced. Would it make sense to say you're failing to appear personally in connection with a charge of committing a felony? Wouldn't there be a conviction at that point? There would be, yes, a final determination on the merits, but the court of appeals and – Don't we have this case from the appellate division that says absence of pending felony, a defendant could not have committed bail jumping in the second degree when there's no pending felony charge against her at the time of her non-appearance because all that's left to do is surrender for serving a sentence. So the state courts seem to think there needs to be a pending charge, right? There appears to be significant inconsistency in the New York State decisions. Matter of Natasha C. doesn't say that it requires a pending charge. And actually, it also uses the language criminal action or proceeding, which would mirror the language in the bail jumping third statute. Is there any case where there was a conviction upheld for second degree bail jumping that did not involve appearing in court, a drug court including, for example, a drug court? Not that I'm aware of, but I would point the court's attention to people via Leibowitz and the – as well as the subsequent appeal on that case where the court upheld the failure to appear to commence a sentence, although that did involve – the individual had to turn themselves into a court. We looked at a lot of these cases. They all seem to involve drug court, county court. And also, if someone doesn't appear for sentencing, don't you have to go back to court to get a warrant or some kind of a West warrant or some authorization to arrest the person? To be clear, we're talking about not appearing for sentencing but to appear to commence the sentence. So the sentencing would be part of the initial criminal proceeding. If someone fails to appear to commence the sentence, I think in your scenario, failing to surrender to a facility, doesn't the government have to go back to court to get some kind of order to allow them to arrest them? The government would likely need to go back to court, but the failure to appear occurs outside of the courtroom. And I see that my time is concluding, but if I could briefly conclude the thought. Sure. The plain language of the statute requires the appearance to be before a court. And as we noted, that comes from the criminal statutes, which historically have required that the appearance be before a court and parsed out and removed the provisions about appearing in other capacities outside the courtroom. When you say the statute, you mean? I apologize. The Federal Criminal Statute. The Federal Criminal Statute. You mean the INA definition of an aggravated felony? Which was implemented with IRA-IRA. It mirrors the language. But that says pursuant to a court order. So when somebody's ordered to surrender, that's a court order. I'm imposing sentence, and rather than having you go to jail right now, I'm going to order that you surrender. And then if the person doesn't surrender, there has to be a re-arrest order. I know in the State court, re-arrests are issued if somebody doesn't show up to surrender. So I'm trying to understand how this is different, your case is different, and how the Enriquez case doesn't apply. Because looking at the difference between first degree and second degree, failure to appear under the New York statute, you focus on the language, an indictment pending. But the second degree says in connection with a charge. So obviously, you wouldn't be going to jail if there hadn't been a charge. And so I don't understand how you get around the language that says in connection with a charge. It has to do with the fact that the appearance, the failure to appear, the misappearance must be before a court. That is the second element of the aggravated felony offense. It is a generic element. It's subject to a strict categorical approach. And that language simply does not appear in the New York statute. So you're saying the New York statute only covers failures to appear before the court? No. The New York statute is broader than that. The aggravated felony needs to be an appearance before a court. But it says pursuant to a court order. That is another element of the offense, though. The 1101 says appear before a court pursuant to court order. Right? That's your point. The elements as— You mean two? Two. One, the INS defines it as a failure to appear before a court, pursuant to a court order, to answer to or dispose of a charge of a felony for which a sentence of two years, and you talked about the sentence. So it doesn't make sense to me that a failure to appear would only cover in-court appearances. That is— Because then there would be a lot of people bail-jumping, or not bail-jumping, not showing up to surrender, and what would they be charged with then under New York law? I believe in portions of law they note the other different mechanisms that judges have to choose, to decide to issue a warrant, to give a person another opportunity to appear. But I do want to emphasize for the court that the prior versions of the federal criminal statute did deal with those exact issues of whether or not an appearance, if it was before a court or a judicial officer, was it at a significant stage of proceedings. And Congress decided to eliminate that confusion and only criminalize appearances that occurred before a court. And then— But it didn't, right? Because under federal law, you know, we used to have one statute that criminalized both. And it talks about appearing before a court. And then we said, well, when you surrender to the marshal for a sentence, that's really kind of appearing before a court because he's a judicial officer. But then to eliminate the confusion, the federal law just has separate statutes that criminalize failing to appear before a court or failing to appear before a sentence, right? Which is maybe why the INA has two different pieces of the definition. I guess that goes back to my comment earlier. So if federal law just criminalizes the failing to appear before a sentence and failing to appear to answer to a charge separately, it would be kind of weird that if some states just criminalized them both together, that that's not categorically an aggravated felony just because federal law does it in two steps. When they're both elements of the definition of aggravated felony. But presumably Congress would have been aware of that issue and chose to adopt the more narrow language. I do recognize that my time is up. I do have a question. I'm trying to understand. I know your position in response to Judge Shin's questions was that you believe Enrique C. Sessions was wrongly decided. Okay. Put that aside for now. It is precedent that we must follow. How is it different? How do you distinguish it and how does it not apply here? I'm trying to. I'm struggling with that. Can you help me figure that out? That has to do also with, again, the pending indictment limiting the types of convictions under New York law, under the first degree bail jumping statute, are limited to dependency of the proceedings. It would not include sentencing. But we also believe that even if, let's take a step back. Looking at Enrique's, it is a short decision. It contains minimal analysis. And when I wasn't able to obtain the briefing, but when I did listen to the oral arguments of the case, these issues were not raised before the panel. The parties really did not argue the bail jumping issue at all. And I don't believe that there were any questions. So these issues were not fully, I don't believe, fully examined at that stage. The opinion about bail jumping, it says we write principally to address the issue of the bail jumping statute. Like that was the main focus of the opinion, right? That is true. However, it wasn't discussed thoroughly at oral argument. And the bulk of the decision is largely just granting deference without a lot of explanation or analysis to the board decision. Did it really grant deference? You know, the BIA thought that the two years applied to the underlying felony, right? But we said that it applies to the bail jumping charge itself. So we like articulated the general principle that we owe deference, but we didn't really adopt the BIA's interpretation. We had our own interpretation. Yes, and that's to our point in our briefing why we suggest because the court engaged in what seems to be a strict categorical approach with respect to bail jumping in the first degree, that when you apply that strict categorical approach to bail jumping in the second, the absence of a pending indictment or pending charge broadens the scope of the type of conduct that can be encompassed under the statute and includes the felony. But couldn't in connection, in connection with your argument is in connection with includes pending indictment? It would include that, but it is also, it encompasses stages of proceedings beyond that. And the court in matter, or in Natasha C., used the language criminal action or proceeding, which a proceeding is much broader than just the criminal action. And when you say bail jumping, there's bail jumping where you're, you know, you're out post-charging, whether it's complaint, indictment, and you don't show up to court, right? And then, so your appearance is before court. And then there's bail jumping where you're out on bail pending surrender, and you're ordered to surrender, and you don't surrender, and that's not before court. Does that make a difference? It would, because if the appearance is not before court, it is not an aggravated felony under subsection T. Okay. So when you say Enriquez didn't address bail jumping, you mean didn't address bail jumping when that bail jumping is not appearing before court? That is correct. As far as what I understand about what was discussed at oral argument, at least. Okay. Thank you, Ms. Batenfeld. You've reserved time for rebuttal, so we'll hear from you again. But let's hear from the government, Ms. Perlmutter. Good morning. May it please the Court. Alexa Perlmutter on behalf of the Attorney General. This petition for review should be denied because Enriquez controls this case. There, the Court deferred under Chevron to the agency's interpretation of the first four elements of the failure to appear offense articulated by a matter of Garza Olivares. The Court then found that first-degree bail jumping satisfies those generic elements. According to New York's highest court, the only difference between first-degree bail jumping and petitioner's offense of second-degree bail jumping is, quote, the degree of seriousness of the pending charge, end quote, underlying the failure to appear. What about the difference in language? First-degree uses the word pending. Second-degree does not. Is that a meaningful difference? No, it's not. So the first-degree language is in connection with a pending indictment, second-degree in connection with a charge of a felony. However, a charge of a felony commences with the filing of a felony complaint. That is essentially a pending charge at that point, and it terminates upon the imposition of a sentence. Petitioner relies on this in- The charge terminates with the imposition of a sentence? That's correct. Because after that- It's not linguistically possible to say that somebody who's appearing to serve a sentence is appearing in connection with a charge of committing a felony. Our position is that it is not because at that point it would be a conviction. However, we argue that that element of the generic offense to answer or dispose of a charge is analyzed under the circumstance-specific approach, which is what the Enriquez court deferred to. And in that case, petitioners here failed to appear to answer to or dispose of a charge. So in that regard, whether or not there's still a pending charge we don't think is dispositive. Enriquez didn't say that directly, that it's circumstance-specific, right? No, that's correct. It did not. But it did cite Flores v. Holder, which stated that BIA precedential opinions are entitled to deference. So we believe- It said that as a general matter, but that it also disagreed with the BIA about what the two years applies to, right? That's correct. And we believe that only supports that those other elements that were not substantively analyzed were deferred under Chevron, or else there would simply be no- Why does it matter whether it's circumstance-specific or categorical here because- It doesn't. It doesn't, Your Honor. Correct. Because the Enriquez court found on its face that those first four elements of bail with regard to first degree- Right. And the state statute says a felony charge, right? So, like, it is categorically applies to felonies. So the only question is about before court or not, right? That's correct. And, again, there's nothing- There's no difference between the language between in connection with a pending indictment or in connection with a felony charge. Petitioner argues that, for example, a competency hearing or another kind of check-in, a mental health check-in, all of that would still be in connection with a pending indictment in the same way that it would be in connection with a charge of a felony. So Enriquez found that that was not sufficient. Enriquez found that element satisfied on its face. So, sorry, Enriquez found that, but, you know, is it possible that Enriquez just didn't consider that argument so that we have an argument before us that wasn't considered by the prior panel? That's correct. However, Enriquez, that is a published decision. It's binding on this Court. If Enriquez found that the before-a-court element was satisfied, I believe that this Court cannot stray from that holding in Enriquez unless it meaningfully distinguishes second-degree bail jumping. As this Court recognized in DeBakey, a prior decision finding an alien removable as an aggravated felon controls when analyzing, quote, a substantively identical provision. I mean, in principle, if subsequent to – like, you know, we have to look – we have to accept the New York State interpretation of its own statutes, right? So if, in principle, subsequent to the decision in Enriquez, a bunch of decisions came out of the Appellate Division or the New York Court of Appeals showing that the New York bail jumping statute applied to all sorts of things outside of appearances before a court, that might lead us to reconsider Enriquez, right? That's certainly correct. Your position is just that we don't have that authority. I mean, here, however, the two main highest court decisions in New York were 1993 and 1998. Enriquez was 2018. I believe there is a 2021 decision, People v. West, which is in our favor. That was that you noted the sentencing, failure to appear to commence a sentence the Court noted in the footnote would not be covered. And so there's really – you know, I did not find anything. Certainly, there was nothing pointed out by Petitioner following Enriquez that would change the interpretation of the bail jumping statute. And then on the appearing for a sentence, I mean, your position is that New York State doesn't apply the statute for failure to appear before a sentence. That's correct. But if it did, wouldn't that still be within the definition of an aggravated felony? So then wouldn't a conviction under the New York State statute still be categorically an aggravated felony? So two things. The only two cases Petitioner cites for failing to appear to commence a sentence predated the New York highest court's decision in Wilder where it clarified that a pending charge was required. So those decisions predated that. You know, taking it on space, the elements of, you know, 1101A43T is to answer or dispose of a charge of a felony. Again, we argue that that's a circumstance-specific approach. So, you know, failure to appear to commence a sentence, you know, might not satisfy in that regard. As you're saying, it's circumstance-specific, so you don't even get to the argument that I'm articulating. But, like, let's say we thought that it could be categorical, and as you said, you think it probably doesn't matter whether it's circumstance-specific or categorical in this case. So let's say it's categorical and the New York State statute does criminalize failing to appear before a court to answer for a charge or failing to appear to serve a sentence. Either of those things would meet the definition of an aggravated felony under the INA. So a conviction under that statute would be categorically an aggravated felony, right? So I do think that would be true if we're looking to 1101A43T and Q together. There are two aggravated felonies. There are two elements of one overall definition of aggravated felony. And if the question we're asking is whether the State statute criminalizes conduct that's categorically an aggravated felony under Federal law, there's no reason why it has to meet one piece of a multi-part definition. Is there? I mean, I do think that the DHS charged petitioner with a certain aggravated felony in that definition would apply. The Supreme Court has clarified just three years ago in Pugin that those aggravated felonies are not necessarily mutually exclusive, such that there can be State statutes that fit into both for sure. I'm just simply not aware of combining different elements of the INA's aggravated felonies to kind of create a new one. I'm not aware of that. But, again, it doesn't matter simply because New York does not, Post Wilder does not charge that because a pending felony is required. We've been creating new aggravated felonies, but it just defines one term. Aggravated felony means any crime that meets any of these descriptions, right? I mean, I certainly don't want to argue against my position. I think that we here are in the land of 1101A43T. That is the aggravated felony at issue, and we have to look at that because that's the removable offense. And because there's really no argument that the commencing a sentence element, both because New York doesn't charge it as such and because the circumstance specific approach applies, I think that question is far beyond the scope of this petition for review. But I just think, you know, to the argument raised in Petitioner's Brief that our reading of the statute wouldn't be, right? Because I don't think Enriquez said that element, that the felony was circumstance specific. It's true. Enriquez didn't say that specifically. But, notably, the only argument Petitioner raises contravening that point is that the Federal bail jumping offense is a categorical match, which would suggest that the categorical approach applies. But that is simply not the case. The Federal bail jumping offense includes a mens rea requirement. It doesn't include the in connection with or to answer to or dispose of a felony. So, you know, Congress did not explicitly cross-reference the Federal bail jumping statute as it did for many others.  I'm not saying anything relating to the Federal bail jumping statute. I'm talking about the Federal definition of aggravated felony. That's correct. And when the Court decides whether a circumstance specific approach applies, it looks to whether, you know, it looks to what Congress was thinking about when it enacted the INA provision. And our position is that the 1101A43T includes these aggravating factors of pursuant to a court order, to answer to or dispose of a felony, that are not, that are written into the INA. And as the Supreme Court established in, I think it's pronounced Nijuan, that would indicate that a circumstance specific approach does apply. And the Court articulated that. What indicates that a circumstance approach applies? That aggravated, so aggravated element. That's an aggravating factor. Yes, that's correct. But that begs the question. It might not be an aggravated factor. It might be a description of an element of an offense, right? However, Congress did not either implicitly or explicitly mirror the Federal offense of failing to appear, which is evidence. We didn't have the Federal offense. Just reading this language, an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of two years' imprisonment or more may be imposed. I mean, I don't know if that language inherently shows that before a court, that's an element of the offense. But to answer to or dispose of a charge of a felony, that's circumstance specific and is an aggravating factor. Like, I don't, there's nothing in the language that indicates that. Well, again, the Court need not reach that question because Enriquez found whether or not a circumstance specific approach does apply, that on its face, first degree bail jumping met the generic elements. And so that would be under a categorical approach that would necessarily, you know, include everything that could be considered in a circumstance specific approach. Because if we're looking at one person's conviction, that would include what is necessarily required to sustain a conviction under State law. And so under either approach here, because Enriquez controls this case and because Enriquez found that the first degree bail jumping charge satisfies, I think this case ultimately comes down to is there a way of distinguishing second degree bail jumping from first degree bail jumping. And there simply is not. And I'd like to just point out Petitioner relies on the definition of criminal proceeding, which he argues is kind of broader than criminal action. But the definition of criminal proceeding in the New York Criminal Procedure Code is either, A, includes criminal actions, or, B, it includes proceedings that occur in a criminal court related to completed proceedings. So the second element of that, anything that is not a criminal action must be explicitly in a criminal court. So that certainly does not help Petitioner's argument that second degree bail jumping They're answering for the charge, which would be in the court, or they're doing something in the court. That's correct. And New York Criminal Procedure bakes that into the definition of criminal proceeding, whether or not those could be implicated under second degree bail jumping. OK. Thank you very much, Ms. Promutter. We'll hear again from Ms. Vandenfeld on rebuttal. Thank you. Your Honor, just a few points about the New York cases that the government cites to begin Wilder. I'd like to just note that that case dealt with the language, again, of a pending indictment. And simply, it doesn't stand for the proposition that there needs to be a pending charge. It's just that there was a pending charge in that particular case. And similar to, in a matter of Natasha C. and People v. West, the New York courts are not always consistent in the way that they appear to talk about this. Sometimes they refer to the need for a pending charge. Other times not. In West, sentencing had taken place, and the court held that there couldn't be bail jumping in the second degree because there was no longer a felony charge pending. Wasn't that the holding of the court? That was. And I would note that's... And based on that reasoning applied to this case? That was... Once there was a sentencing, there was no longer a pending charge. And so it seems to support the government's position. That case is an appellate division case. And it is not consistent with the reading of the statute in People v. Leibowitz, where courts have convicted people for exactly that conduct, failing to appear to commence sentence. And looking at the application... There are some cases where that happens, but I think they also involve appearing in court, in drug court. Again, I don't know that there's any case out there where second degree bail jumping was applied when there wasn't a court involved. The... And I don't think you've cited me to any. Cited us to any. People v. Mason... Was a drug court. Was a drug... Well, it says that there was a violation of the drug court contract, which can involve those other appearances outside of the courtroom. It doesn't say that there was a failure to appear in a courtroom. And, in general, the inconsistencies in the application of this law should weigh in favor of the non-citizen in these cases, because it doesn't appear... But in Mason, also, it says he left the state for several months and was returned on a bench warrant, right? Doesn't that suggest he was, like, ordered to come back to the court? The case doesn't say that, though. It says that the violation was for a violation of the drug court contract, not for a violation of the failure to appear. But if you return on a bench warrant, aren't you being returned to court? The court issues the bench warrant, right? But I... My understanding is that it was for a violation of a drug court contract. Again, not for a failure to appear before a court, which is the central and keystone element of the aggravated felony offense. Right. But so if you violate... So the statute for the drug court says, if you sort of don't violate your contract, says, if the court has reasonable grounds to believe the defendant has violated a release condition and the court in respect or has willfully failed to appear before the court has requested, the court shall direct the defendant to appear or issue a bench warrant directing him or her to take the defendant into custody to bring the defendant before the court without unnecessary delay. Right? So, like, if you violate your drug court contract, you're ordered to appear before the court. And it's true. I guess it's not totally clear from the opinion whether the bail jumping is just the failure to appear for drug treatment or the failure to appear before the court after a bench warrant was issued. But it could be either one. Right? And, again, the lack of clarity around this should weigh in favor of the non-citizen in these cases. And so if there are no...  Based on the rule of lenity, the government had the burden to show that this was an aggravated felony and that the underlying statute met the definition in the first instance by clear and convincing evidence. And so for that reason, primarily. Okay. Thank you very much. Thank you.